IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CANEGATA; ROBERT MAX SCHANFARBER; and VIGOP (VIRGIN ISLANDS REPUBLICAN PARTY), also known as VIGOP PAC,<br><br>Defendants. | No. 3:22-cv-00037-RAM-RM |

## MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

**COMES NOW,** Defendants, JOHN CANEGATA; ROBERT MAX SCHANFARBER; and VIGOP (VIRGIN ISLANDS REPUBLICAN PARTY), also known as VIGOP PAC, by and through undersigned counsel, pursuant to Rule 37 of the Virgin Islands Rules of Civil Procedure and Rule 37 of the Federal Rules of Civil Procedure, hereby moves this Court to compel Plaintiff, REPUBLICAN NATIONAL COMMITTEE, to respond to Defendants' First Set of Interrogatories and First Set of Request for Production of Documents, and, pursuant to Rule 6(b) and 6-2 of the Virgin Islands Rules of Civil Procedure, Rule 6 of the Federal Rules of Civil Procedure, and Local Rule 26.5, moves this Court for an extension of time to complete discovery, and in support, states as follows:

1. Pursuant to the Court's May 17, 2023, Order, fact discovery shall be completed by June 30, 2023.

2. As a background regarding confirmation on deposition dates, on April 24, 2023, Counsel for Plaintiff notified Counsel for Defendants that they intended to depose all three defendants

and to reserve a full day each between May 19 and May 12 and to confirm those dates by the following day. Counsel for Defendants informed Counsel for Plaintiff that Defendant Canegata will be attending a conference during those dates and therefore would be unavailable. The following day, April 25, 2023, Counsel for Plaintiff asked about the week of June 12 to hold depositions; Counsel for Defendant informed Counsel for Plaintiff that they have reached out to Defendants and would let Counsel for Plaintiff know as soon as they received a confirmation. Counsel for Defendants provided three dates in early May for depositions, but Counsel for Plaintiff stated they had scheduling conflicts during those dates. Counsel for Defendants notified Counsel for Plaintiff that they would let them know when they heard back from Defendants. Counsel for Plaintiff sent Defendants notices of deposition dates for May 10-12. On April 28, 2023, Counsel for Plaintiff asked Counsel for Defendants to confirm Defendants' availability for the week of June 12; Counsel for Defendants again informed them that they were waiting on confirmation from both Defendant Canegata and Defendant Schanfarber, but that they had reached out to Defendants again. On May 9, 2023, Counsel for Defendants informed Counsel for Plaintiff that Defendant Canegata will be out of the country during the week of June 12, but that they are trying to confirm a date to hold depositions virtually; Counsel for Plaintiff responded to let them know when Counsel heard back regarding Defendant Canegata's availability. On May 17, 2023, Counsel for Defendant did provide that Defendant Canegata could do June 28 and June 29, but that Counsel was still waiting on Defendant Schanfarber to confirm a date – Counsel suggested a date prior to June 27. Although Counsel for Defendant provided two dates for Defendant Canegata, Counsel for Defendant continued to reiterate that they were still waiting on confirmation from Defendant Canegata for those two dates, prior to notices, and even leading up to the deposition dates provided in Plaintiff's notices. Counsel for Defendants continued to notify Counsel for

Plaintiff that they could not confirm any dates for Defendant Canegata or Defendant Schanfarber. On June 16, 2023, Counsel for Plaintiff stated that he, "want[ed] to confirm that 6/29 will work for Mr. Canegata" and Counsel for Defendants responded that they were still waiting on both Defendant Canegata and Defendant Schanfarber to confirm dates for depositions. On June 15, 2023, Counsel for Plaintiff provided notices of depositions for Defendant Schanfarber for June 27 and Defendant Canegata for June 29. These notices provided unilateral selected dates after multiple correspondence from Counsel for Defendants that Defendants have not confirmed any dates for depositions; Counsel for Defendants informed Counsel for Plaintiff multiple times that they had no confirmation from Defendant Schanfarber for any date and that they did not have further confirmation, after asked several times, for Defendant Canegata – all prior to these notices. On June 26, 2023, Counsel for Defendants notified Counsel for Plaintiff that they could not confirm that Defendants would show up to the dates provided in the notices for depositions and suggested rescheduling the depositions and either filing a Motion for Extension of Deadline, as previously offered on May 17, 2023, to allow for more flexibility for scheduling depositions; or file a Consent Motion to Stay Proceedings Pending Completion of Settlement Negotiations. Counsel for Plaintiff declined and moved forward with depositions, in which Defendants did not show due to being unavailable.

3. Regarding Defendants' discovery requests, on June 2, 2023, Defendants served their First Set of Interrogatories and First Set of Requests for Production on Plaintiff.

4. On June 2, 2023, Defendants, along with serving their First Set of Interrogatories and First Set of Requests for Production on Plaintiff, offered Plaintiff additional time to respond to those discovery requests. *(See Exhibit A)*.

5. On July 3, 2023, Plaintiff, for the first time, notified Defendants that Plaintiff will not be responding to Defendants' discovery requests. *(See Exhibit B).*

6. Defendants and Plaintiff have been negotiating settlement agreements during this time period and in hopes of resolving this matter prior to the Status Conference to be held on July 7, 2023, Defendants mistakenly served their First Set of Interrogatories and First Set of Requests for Production on Plaintiff two (2) days later than the date that would have allowed Plaintiff to have the full thirty (30) days to respond prior to the deadline for discovery – which is why Defendants made a good faith effort in advance to allow Plaintiff additional time, if needed. *(See Exhibit A).*

7. Plaintiff failed to notify Defendants that Plaintiff did not intend to respond to Defendants' discovery requests until after the close of fact discovery, thereby preventing Defendants from filing this Motion to Compel prior to the close of fact discovery.

8. As provided in **Exhibit A**, Defendants were willing to allow Plaintiff additional time if twenty-eight (28) days, instead of thirty (30) days, was not enough time to respond to Defendants' discovery requests. Plaintiff never requested for additional time, nor notified Defendants that Plaintiff was unwilling to respond since the thirty-day mark would be two (2) days after the close of discovery. (Defendants served their discovery requests on June 2, 2023; Plaintiff would have had until July 2, 2023, to respond; Close of discovery was June 30, 2023).

9. The Parties have filed both a Joint Motion for Extension of Time to Complete Discovery (filed on May 9, 2023) and a Joint Motion to Reschedule the May 18 Status Conference (filed on May 17, 2023). This Motion, therefore, is Defendants' first unilateral motion for extension of time to complete discovery.

10. On May 17, 2023, since Defendants were unable to confirm a date for depositions and since both the Joint Motion for Extension of Time to Complete Discovery and the Joint Motion

to Reschedule the May 18 Status Conference were still pending before this Court until both motions were granted after the Joint Motion to Continue the May 18 Status Conference was filed (same date as May 17, 2023), Defendants offered to file a revised Joint Motion for Extension of Time to Complete Discovery (to allow the close of discovery to be July 31, 2023) – Plaintiff, however, did not find that necessary. *(See Exhibit C).*

11. No party will be prejudiced by this Motion; a Court Order granting this motion will benefit both parties: Plaintiff will be able to conduct depositions on Defendants; Defendants will be able to receive responses to their discovery requests. There is no prejudice: Defendants have ceased and desisted from using RNC's trademarks. Granting this Motion will allow both parties to finish discovery, in order to not significantly impact the judicial proceedings.

12. Defendants have provided good cause to allow this Court, pursuant to Rule 6(b) and 6-2 of the Virgin Islands Rules of Civil Procedure, Rule 6 of the Federal Rules of Civil Procedure, and Local Rule 26.5, to order Defendants discovery requests be enforceable past the discovery deadline.

**WHEREFORE,** Defendants, JOHN CANEGATA; ROBERT MAX SCHANFARBER; and VIGOP (VIRGIN ISLANDS REPUBLICAN PARTY), also known as VIGOP PAC, request this Motion to Compel Plaintiff, REPUBLICAN NATIONAL COMMITTEE, to respond to Defendants' First Set of Interrogatories and First Set of Request for Production of Documents and Motion for an Extension of Time to Complete Discovery be **GRANTED**.

Defendants request an Order for Defendants' First Set of Interrogatories and First Set of Request for Production of Documents be responded within thirty (30) days. Defendants further request that an Order for a sixty (60) day extension to the Scheduling Order be granted.

|  |  |
|---|---|
| This 6th day of July 2023 | Respectfully submitted, |
| | **MCCHAIN HAMM & ASSOCIATES** |
| | _/s/ Scot McChain_ |
| | Scot F. McChain, Esq. |
| | 5030 Anchor Way; Suite 13 |
| | Christiansted, VI 00820 |
| | (T): 340.773.6955 |
| | (F): 885.456.8784 |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July 2023, a true and exact copy of the foregoing document was filed with the District Court of the Virgin Islands via the CM/ECF E-filing System and served upon Plaintiff's Counsel.

_/s/ Scot McChain_
Scot F. McChain, Esq.